IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

CHRISTOPHER FURMAN

Criminal No. 26-55 **FILED**
[UNDER SEAL]

MAR 1 7 2026

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a ten-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-5 | Wire Fraud | 18 U.S.C. §§ 1343 and 2 |
| | On or about September 3, 2025 (Count One)<br>On or about September 5, 2025 (Count Two)<br>On or about September 10, 2025 (Count Three)<br>On or about September 11, 2025 (Count Four)<br>On or about September 15, 2025 (Count Five) | |
| 6-10 | Money Laundering | 18 U.S.C. §§ 1957(a) and 2 |
| | On or about September 3, 2025 (Count Six)<br>On or about September 5, 2025 (Count Seven)<br>On or about September 10, 2025 (Count Eight)<br>On or about September 11, 2025 (Count Nine)<br>On or about September 15, 2025 (Count Ten) | |

## II. ELEMENTS OF THE OFFENSES

**A.    As to Counts One through Five:**

In order for the crime of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature.

2.    That the defendant acted with the intent to defraud.

3.    That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate or foreign commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate or foreign commerce.

**B.    As to Counts Six through Ten:**

In order for the crime of money laundering, in violation of 18 U.S.C. §§ 1957(a) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly engaged in or attempted to engage in a "monetary transaction."

2.    That the value of the funds or monetary instrument involved in the transaction or attempted transaction exceeded $10,000.00.

3.    That the defendant knew that the funds or monetary instrument involved in the transaction or attempted transaction constituted "criminally derived property."

4.    That the property involved in the transaction (i.e., the funds or monetary instrument) was, in fact, the proceeds of "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7).

5.    That the offense took place in the United States or in a special maritime or territorial jurisdiction of the United States or the defendant is a United States person.

### III.  PENALTIES

**A.    As to each of Counts One through Five: Wire Fraud (18 U.S.C. §§ 1343 and 2):**

1.    Imprisonment for not more than twenty (20) years;

2.    A fine not more than the greater of:

(a)    $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3.    A term of supervised release of not more than three (3) years; and

4.    Any or all of the above.

**B.    As to each of Counts Six through Ten: Money Laundering (18 U.S.C. §§ 1957(a) and 2):**

1.    Imprisonment for not more than ten (10) years;

2.    A fine of not more than the greater of:

(a)    $250,000.00 (18 U.S.C. § 3571(b)(3));

3

or

(b)    an alternative fine of not more than twice the amount of criminally derived property involved in the transaction (18 U.S.C. § 1957(b)(2));

3.    A term of supervised release of not more than three (3) years; and

4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Ten, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*/s/ Brendan J. McKenna*
BRENDAN J. McKENNA
Assistant U.S. Attorney
PA ID No. 314315